**Dismissal and Opinion Filed June 7, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01096-CR**

**CHARLES EDWARDS SIELOFF III, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-35795-P**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Chief Justice Wright

Charles Edward Sieloff III was convicted of felony driving while intoxicated and sentenced to ten years' imprisonment. Sentence was imposed in open court on April 24, 2012. Appellant filed a motion for new trial on May 23, 2012; therefore, his notice of appeal was due by July 23, 2012. *See* TEX. R. APP. P. 26.2(a)(2). Appellant filed his notice of appeal in this Court on August 7, 2012, and we forwarded a copy to the trial court. *See* TEX. R. APP. P. 25.2(c)(1).

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. To invoke the court's jurisdiction, an appellant must file his notice of appeal within the

time period provided by the rules of appellate procedure. *See id.*; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

To obtain the benefit of the extension period provided by rule 26.3, appellant had to both file his notice of appeal and file an extension motion in this Court within fifteen days of July 23, 2012. *See* TEX. R. APP. P. 26.3; *Slaton*, 981 S.W.2d at 210. While the August 7, 2012 notice of appeal was filed within that fifteen-day period, appellant did not file an extension motion in this Court. While it appears from the notice of appeal that appellant may have calculated his time based on the trial court's denial of the motion for new trial, rule 26.2(b) specifically calculates the time for filing a notice of appeal from the date sentence is imposed in open court. *See* Tex. R. App. P. 26.2(b). Because appellant's August 7, 2012 notice of appeal was untimely as to the April 24, 2012 sentencing date, we have no jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, S.W.2d 918 at 523.

We dismiss the appeal for want of jurisdiction.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121096F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CHARLES EDWARDS SIELOFF III,
Appellant

No. 05-12-01096-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-35795-P.
Opinion delivered by Chief Justice Wright.
Justices Myers and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered June 7, 2013

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE